Edward S. ENOS, Appellant,

v.

John MACY, Jr., Chairman, United States Civil Service Commission, et al., Appellees.

No. 17295.

United States Court of Appeals District of Columbia Circuit.

Argued June 12, 1963.

Decided June 27, 1963.

Petition for Rehearing En Banc Denied Sept. 24, 1963.

Mr. Edward S. Enos, appellant, pro se.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant, a veteran preference eligible, was employed overseas as a civilian auditor, GS–9, by the United States Air Force Auditor General, and was stationed at Etain Air Force Base, France. This base was deactivated in 1960 and in connection with such action the Resident Office there of the Auditor General was also deactivated and the Fighter Bomber Wing which had been stationed at the base was moved into Germany. This was followed by the abolishing of appellant's function, in turn necessitating a reduction in force within his category and competitive area, which included the whole of France. Appellant was lowest on the retention register in his competitive area and for that reason was reached by the reduction in force. His separation on May 31, 1960, was preceded by notice dated April 29, 1960. He appealed to the Civil Service Commission, had a hearing in Washington before the Appeals Examining Office, which upheld the separation, and this action was upheld by the Commission's Board of Appeals and Review. Thereupon he filed suit in the District Court, which granted appellees' motion for summary judgment.

Appellant's chief contention is that he should have been transferred along with the transfer of the Fighter Wing from Etain, France, to Germany. As to this the Examining Office held:

"The record shows that the appellant was an employee of Etain Air Base,

under the jurisdiction of the Civilian Personnel Office of that Base. He was not employed by nor was he an integral part of the military mission of the 49th Fighter Bomber Wing. The 49th Fighter Bomber Wing is a military organization with a combat or military mission. The appellant's function as a civilian employee of Etain Air Base was to provide services as assigned, for whatever military organization happened to be present at Etain Air Base at any given time.

"The above analysis demonstrates that the appellant's function was not transferred but was abolished in the deactivation of Etain Air Base. We therefore find that a bona fide reduction in force situation existed and the agency decision to separate the appellant by reduction in force action did not constitute a violation of his rights."

We add the following from the letter of the Board of Appeals and Review to appellant, setting forth its decision:

"The record shows that although such audits by the Etain resident office of the Auditor General were conducted with the cooperation of Wing personnel, the audits were not a Wing function. Accordingly, you were not entitled to the benefit of transfer-of-function procedures with the movement of the Wing from your competitive area."

We find no warrant in law for disagreement with these rulings, and appellant having been accorded all procedural rights as well, we must affirm the judgment. Neither do we find appellant's contention as to debarment from further federal employment supported in fact. It appears that appellant was continued on the appropriate Civil Service Commission register and certificates of eligibility bearing his name were issued on several occasions since the separation of which he complains. His suggestion that separation with official appreciation for "loyal service" is somehow in law inconsistent with another agency's subsequent decision not to employ him and accordingly works a discrimination against him is not tenable. Section 15 of the Veterans Preference Act, 5 U.S.C. § 864, would seem to require no more than was accorded appellant.[1] Cf. Elder v. Brannan, 341 U.S. 277, 289, 71 S.Ct. 685, 95 L.Ed. 939 (1951).

Affirmed.

---

1. This statute provides, in pertinent part, "Any preference eligible, who has been * * * separated without delinquency or misconduct, upon request, shall have his name placed on all appropriate civil service registers and/or on all employment lists * * * and shall then be eligible for recertification and reappointment * * *".